**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Matthew J. McElvenny, Esquire
Identification No. 327438
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Brenden Hires

*Filed and Attested by the
Office of Judicial Records
27 APR 2020 01:31 pm
A. SILIGRINI*

| | | |
|---|---|---|
| BRENDEN HIRES | : | COURT OF COMMON PLEAS |
| 725 Ford Avenue | : | PHILADELPHIA COUNTY |
| Langhorne, PA 19047 | : | |
| *Plaintiff* | : | _____ TERM, 2020 |
| | : | |
| vs. | : | |
| | : | NO. |
| GENERAC POWER SYSTEMS, INC. | : | |
| S45W29290 WI-59 | : | |
| Waukesha, WI 53189 | : | |
| -and- | : | |
| LOWE'S HOME IMPROVEMENT, LLC | : | |
| d/b/a LOWE'S OF MIDDLETOWN | : | |
| TOWNSHIP, PA | : | |
| 1400 East Lincoln Highway | : | |
| Langhorne, Pennsylvania 19047 | : | |
| -and- | : | |
| LOWE'S HOME CENTERS, INC. | : | |
| 1000 Lowe's Boulevard | : | |
| Mooresville, North Carolina 28117 | : | |
| and | : | |
| JOHN DOES 1-5, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la |

the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE
FILADELFIA
SERVICO DE REFERENCIA E INFORMACION
LEGAL
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
Telefono:  215-238-6333

Case ID: 200401341

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Matthew J. McElvenny, Esquire
Identification No. 327438
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Brenden Hires

| | | |
|---|---|---|
| BRENDEN HIRES | : | COURT OF COMMON PLEAS |
| 725 Ford Avenue | : | PHILADELPHIA COUNTY |
| Langhorne, PA 19047 | : | |
| *Plaintiff* | : | _____ TERM, 2020 |
| | : | |
| vs. | : | |
| | : | NO. |
| GENERAC POWER SYSTEMS, INC. | : | |
| S45W29290 WI-59 | : | |
| Waukesha, WI 53189 | : | |
| -and- | : | |
| LOWE'S HOME IMPROVEMENT, LLC | : | |
| d/b/a LOWE'S OF MIDDLETOWN | : | |
| TOWNSHIP, PA | : | |
| 1400 East Lincoln Highway | : | |
| Langhorne, Pennsylvania 19047 | : | |
| -and- | : | |
| LOWE'S HOME CENTERS, INC. | : | |
| 1000 Lowe's Boulevard | : | |
| Mooresville, North Carolina 28117 | : | |
| and | : | |
| JOHN DOES 1-5, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |
| | : | |

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Brenden Hires, is an adult individual and resident and citizen of the

Commonwealth of Pennsylvania, residing therein at the above-captioned address.

Case ID: 200401341

2.      Defendant, Generac Power Systems, Inc., upon information and belief, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Wisconsin, with a principal place of business located therein at S45W29290 WI-59, Waukesha, WI 53189.

3.      Defendant, Lowe's Home Improvement, LLC d/b/a Lowe's of Middletown Township, PA, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of North Carolina, with a principal place of business located within the Commonwealth of Pennsylvania at the above-captioned address.

4.      Defendant, Lowe's Home Centers, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of North Carolina, with their corporate headquarters located therein at the above-captioned address.

5.      Defendants, John Does 1-5, are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, sold, supplied, repaired, serviced, modified, leased, maintained and/or distributed the subject portable generator involved in Plaintiff's accident.

6.      Venue is proper in Philadelphia County because one or more of the Defendants regularly and continuously conduct(s) business in Philadelphia County.

7.      At all times relevant hereto, Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

8.      At all times prior to November 21, 2019, Defendant, Generac Power Systems, Inc., was regularly engaged in the business of designing, distributing, assembling, inspecting,

Case ID: 200401341

installing, marketing, manufacturing, maintaining, modifying, renting, leasing, providing safety recommendations and/or selling portable generators such as the subject portable generator, a GENERAC power generator Model XT8000E, and the component parts thereto, including all instruction manuals and associated warnings.   <u>See</u> Three Photographs of Subject Product attached hereto collectively as Exhibit A.

9.      At all times prior to November 21, 2019, Defendant, Lowe's Home Improvement, LLC d/b/a Lowe's of Middletown Township, PA, was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, modifying, renting, leasing, providing safety recommendations and/or selling portable generators such as the subject portable generator, a GENERAC power generator Model XT8000E, and the component parts thereto, including all instruction manuals and associated warnings.

10.     At all times prior to November 21, 2019, Defendant, Lowe's Home Centers, Inc., was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, modifying, renting, leasing, providing safety recommendations and/or selling portable generators such as the subject portable generator, a GENERAC power generator Model XT8000E, and the component parts thereto, including all instruction manuals and associated warnings.

11.     At all times prior to November 21, 2019, Defendant, John Does 1-5, were regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, modifying, renting, leasing, providing safety recommendations and/or selling portable generators such as the subject portable generator, a

GENERAC power generator Model XT8000E, and the component parts thereto, including all instruction manuals and associated warnings.

12.     The subject power generator included a metal handle attached to a safety bar by means of a hinge containing a safety pin.  The location of the pin on the hinge allowed the handle to lock in an "up" position, but not a "down" position.  The inability of the safety pin to lock the metal handle in a "down" position created a pinch hazard to anyone such as Plaintiff who attempted to use the handle to move or transport the portable generator.  The safety pin was not safeguarded to prevent the handle from swinging up and creating a pinch hazard during transportation as required by code, statute, and good safety engineering practice.

13.     On or about November 21, 2019, Plaintiff was at his home at 725 Ford Avenue, Langhorne, PA 19047. The portable generator at issue was on the back of Plaintiff's truck. Plaintiff and Plaintiff's assistant attempted to move the portable generator at issue from the back of the truck when the portable generator began to drop.  As the generator began to drop, due to the negligence and wrongdoing of Defendants, and the defective condition of the aforementioned portable generator, suddenly and without warning, the handle caught on the vehicle and swung up and Plaintiff experienced amputation and traumatic crush injury to the index finger of his right hand and further causing him to suffer severe and grievous injuries more fully set forth below.

**COUNT I**
**BRENDEN HIRES v. GENERAC POWER SYSTEMS, INC.**
**PRODUCTS LIABILITY – STRICT LIABILITY**

14.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirteen (13), inclusive, as though same were fully set forth at length herein.

15.     Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

16.     The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid portable generator and its component parts, including, but not limited to:

    a.   carelessly and negligently distributing, supplying, installing, designing, manufacturing, modifying and/or selling the subject portable generator and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

    b.   carelessly and negligently distributing, supplying, installing, modifying, designing and/or manufacturing the product with a pinch point likely to cause injury to end users;

    c.   carelessly and negligently failing to implement appropriate safety mechanisms to prevent against the type of injury suffered by Plaintiff;

    d.   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

    e.   failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, modification, design, supply, lease and/or sale of the said portable generator and its component parts;

    f.   failing to ensure that the subject portable generator and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

    g.   failing to include industry-recognized safety specifications in the design of the portable generator;

    h.   failing to warn purchasers and end users of the dangers of the subject portable generator; and

       i.    such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

17.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

18.    At all times relevant hereto, Defendant's aforesaid portable generator and its component parts were defective and unsafe for consumer use.

19.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid portable generator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

20.    The Defendant distributed and sold the aforesaid portable generator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

21.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

22.    As a direct and proximate result of the defective nature and condition of the aforementioned portable generator and/or its component parts, Plaintiff, Brenden Hires, suffered severe and permanent bodily injuries including, but not limited to, traumatic crush injuries and open fracture with complete displacement of his right index finger requiring re-attachment surgery, as well as other aches, pains and mental distress and anxiety.

23.    As a result of the aforesaid strict liability of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

24.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

25.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

26.     As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

27.     In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

28.     As a further result of the defective condition of the aforesaid product, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Generac Power Systems, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## BRENDEN HIRES v. GENERAC POWER SYSTEMS, INC.
## PRODUCTS LIABILITY – NEGLIGENCE

29.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of the within Complaint as though the same had been fully set forth at length herein.

30.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid portable generator, and to sell/distribute that product in a reasonably safe condition.

31.    The Defendant was negligent in designing, manufacturing, assembling, modifying, marketing, installing, and distributing the defectively designed and manufactured portable generator, in general, and in particular, as set forth in paragraph 16 above, which is hereby incorporated by reference.

32.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

33.    As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Generac Power Systems, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## BRENDEN HIRES v. GENERAC POWER SYSTEMS, INC.
## BREACH OF WARRANTY

34.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-three (33) of the within Complaint as though the same had been fully set forth at length herein.

35.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the portable generator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

36.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Generac Power Systems, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT IV**
**BRENDEN HIRES v. LOWE'S HOME IMPROVEMENT, LLC**
**D/B/A LOWE'S OF MIDDLETOWN TOWNSHIP, PA**
**PRODUCTS LIABILITY – STRICT LIABILITY**

37.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-six (36), inclusive, as though same were fully set forth at length herein.

38.     Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

39.     The accident described herein was caused solely and exclusively by the defective nature of the product, as set forth in Paragraph 16 above, which is hereby incorporated by reference.

40.     The accident described herein was due in no manner to negligence on the part of the Plaintiff.

41.     At all times relevant hereto, Defendant's aforesaid portable generator and its component parts were defective and unsafe for consumer use.

42.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid portable generator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

43.     The Defendant distributed and sold the aforesaid portable generator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

44.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

45.     As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Improvement, LLC d/b/a Lowe's of Middletown Township, PA, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V
### BRENDEN HIRES v. LOWE'S HOME IMPROVEMENT, LLC D/B/A LOWE'S OF MIDDLETOWN TOWNSHIP, PA
### PRODUCTS LIABILITY – NEGLIGENCE

46.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty-five (45) of the within Complaint as though the same had been fully set forth at length herein.

47.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in leasing/renting the aforesaid portable generator, and to supply the product in a reasonably safe condition.

48.     The Defendant was negligent in leasing/renting/supplying the defectively designed and manufactured portable generator, in general, and in particular, as set forth in paragraph 16 above, which is hereby incorporated by reference.

49.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

50.     As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Improvement, LLC d/b/a Lowe's of Middletown Township, Pa, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT VI**
**BRENDEN HIRES v. LOWE'S HOME IMPROVEMENT, LLC**
**D/B/A LOWE'S OF MIDDLETOWN TOWNSHIP, PA**
**<u>BREACH OF WARRANTY</u>**

51.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty (50) of the within Complaint as though the same had been fully set forth at length herein.

52.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the portable generator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

53.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Improvement, LLC d/b/a Lowe's of Middletown Township, PA, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT VII**
**BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.**
<u>**PRODUCTS LIABILITY – STRICT LIABILITY**</u>

54.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-three (53), inclusive, as though same were fully set forth at length herein.

55.     Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

56.     The accident described herein was caused solely and exclusively by the defective nature of the product, as set forth in Paragraph 16 above, which is hereby incorporated by reference.

57.     The accident described herein was due in no manner to negligence on the part of the Plaintiff.

58.     At all times relevant hereto, Defendant's aforesaid portable generator and its component parts were defective and unsafe for consumer use.

59.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid portable generator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

60.     The Defendant distributed and sold the aforesaid portable generator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

61.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

62.     As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Centers, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VIII
## BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.
## PRODUCTS LIABILITY – NEGLIGENCE

63.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-two (62) of the within Complaint as though the same had been fully set forth at length herein.

64.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in leasing/renting the aforesaid portable generator, and to supply the product in a reasonably safe condition.

65.     The Defendant was negligent in leasing/renting/supplying the defectively designed and manufactured portable generator, in general, and in particular, as set forth in paragraph 16 above, which is hereby incorporated by reference.

66.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

67.     As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Centers, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT IX**
**BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.**
**<u>BREACH OF WARRANTY</u>**

68.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-seven (67) of the within Complaint as though the same had been fully set forth at length herein.

69.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the portable generator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

70.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, Lowe's Home Centers, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT X**
**BRENDEN HIRES v. JOHN DOES 1-5**
**<u>PRODUCTS LIABILITY – STRICT LIABILITY</u>**

71.     Plaintiff hereby incorporates by reference paragraphs one (1) through seventy (70), inclusive, as though same were fully set forth at length herein.

72. Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

73. The accident described herein was caused solely and exclusively by the defective nature of the product, as set forth in Paragraph 16 above, which is hereby incorporated by reference.

74. The accident described herein was due in no manner to negligence on the part of the Plaintiff.

75. At all times relevant hereto, Defendant's aforesaid portable generator and its component parts were defective and unsafe for consumer use.

76. At all times relevant hereto, there were latent defects in the Defendant's aforesaid portable generator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

77. The Defendant distributed and sold the aforesaid portable generator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

78. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

79.     As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, John Does 1-5, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XI
## BRENDEN HIRES v. JOHN DOES 1-5
## PRODUCTS LIABILITY – NEGLIGENCE

80.     Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-nine (79) of the within Complaint as though the same had been fully set forth at length herein.

81.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in leasing/renting the aforesaid portable generator, and to supply the product in a reasonably safe condition.

82.     The Defendant was negligent in leasing/renting/supplying the defectively designed and manufactured portable generator, in general, and in particular, as set forth in paragraph 16 above, which is hereby incorporated by reference.

83.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

84.     As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, John Does 1-5, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XII

## BRENDEN HIRES v. JOHN DOES 1-5
## <u>BREACH OF WARRANTY</u>

85.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighty-four (84) of the within Complaint as though the same had been fully set forth at length herein.

86.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the portable generator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

87.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in twenty-two (22) through twenty-eight (28) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Brenden Hires, demands judgment against the Defendant, John Does 1-5, in an amount in excess of Fifty Thousand Dollars ($50,000.00).


                                        Respectfully,

                                        **SWARTZ CULLETON PC**


                            By:     <u>/s/ Brandon A. Swartz</u>
                                    Brandon A. Swartz, Esquire
                                    Bryan M. Ferris, Esquire
                                    Matthew J. McElvenny, Esquire

                                    *Attorneys for Plaintiff,*
                                    Brenden Hires

Date:  April 27, 2020

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Case ID: 200401341

# Exhibit A

Case ID: 200401341



Case ID: 200401341



Case ID: 200401541



Case ID: 200401341