# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDEN HIRES | CIVIL ACTION |
| vs. | Case No: 2:20-cv-02399 |
| GENERAC POWER SYSTEMS, INC. and LOWE'S HOME CENTERS, LLC. and JOHN DOES 1-5, FICTITIOUS DEFENDANT(S) | |

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2020, upon consideration of the following Motion to Dismiss Portions of Plaintiff's Complaint, and all responses thereto, said Motion is GRANTED and Paragraphs 12, and 16(i) of Plaintiff's Complaint, and all paragraphs mentioning the subject paragraphs, are dismissed with prejudice.

_____

J.

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDEN HIRES<br><br>vs.<br><br>GENERAC POWER SYSTEMS, INC. and LOWE'S HOME CENTERS, LLC. and JOHN DOES 1-5, FICTITIOUS DEFENDANT(S) | CIVIL ACTION<br><br>Case No: 2:20-cv-02399 |

### MOTION OF DEFENDANTS, GENERAC POWER SYSTEMS, INC. AND LOWE'S HOME CENTERS, LLC, TO STRIKE AND DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT, AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

NOW COMES, Defendants, Generac Power Systems, Inc. (hereinafter, "Generac") and Lowe's Home Centers, Inc. (hereinafter, Lowe's), who moves this Honorable Court for an Order Striking and Dismissing Portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure, Rule 12, and as a grounds therefore rely on the following averments and the Memorandum of Law in Support of the Motion to Strike and Dismiss Portions of Plaintiff's Complaint, filed contemporaneous herewith.

1. Plaintiff, Brenden Hires, instituted this lawsuit with the filing of a Civil Action Complaint, alleging claims based in Products Liability, both in strict liability and negligence, as well as claims for Breach of Warranty. *See Complaint attached hereto as Exhibit "A."*

2. In Paragraph 12 of Plaintiff's Complaint, Plaintiff alleges that an allegedly defective safety pin on the subject generator "was not safeguarded to prevent the handle from swinging up and creating a pinch hazard during transportation as required by code, statute and good safety engineering practice." *See Exhibit "A," at ¶12.*

3. To the extent that this Court finds that such paragraphs should not be dismissed, a more definite statement by Plaintiff is necessary to clarify what specific code, statute, or good engineering practices Generac failed to abide by.

4. Count I of Plaintiff's Complaint alleges a products liability claim against Generac based in strict liability wherein Plaintiff claims Generac's defective design and/or manufacture of the subject generator and its component parts caused the alleged injury by "such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case. *See Exhibit "A," at ¶*16(i).

5. Plaintiff goes on to set forth the same alleged negligence against all named defendants "as set forth in paragraph 16", in paragraphs, 31, 39, 48, 56, 65, 73 and 82. *See Exhibit "A."*

6. The paragraphs described above are so vague and ambiguous that Generac, and all other Defendants, cannot possibly properly respond to the allegations contained within said paragraphs.

7. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

8. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

9. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679.

10. The "plausibility" standard for overcoming a motion to dismiss, as defined in *Iqbal*, requires that a complaint allege "enough facts to state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S., 544 (2007).

11. This standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 at 678.

12. With regard to More Definite Statements, Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. Pro. 12(e).

13. Motions for a more definite statement are granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Alexander v. Western Express*, 2019 U.S. Dis. LEXIS 181822, *12 (M.D. Pa. 2019).

14. The Third Circuit has "highlighted the usefulness of a motion for a more definite statement when complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably expect to frame a proper, fact specific defense. *Id.* (*Citing Miller v. Atl. Freight Sys.*, 2013 U.S. Dis. LEXIS 43915, *4(M.D. Pa. 2013)).

15. In such a circumstance, a more definite statement is "perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Id.*

16. To the extent that this Honorable Court finds that such paragraphs should not be dismissed, a more definite statement by Plaintiff is necessary to clarify what specific acts of Generac, and all other defendants, were negligent, grossly negligent, or wanton.

17. This specificity would enable Generac and Lowe's to properly respond to the allegations contained in Plaintiff's Complaint.

                            **ZARWIN, BAUM, DeVITO, KAPLAN,**
                            **SCHAER & TODDY, P.C.**

           By:   /s/ Christopher G. Mavros
                            Christopher G. Mavros, Esquire
                            Attorney for Defendants
                            *Generac Power Systems, Inc.*
                            *Lowe's Home Center, LLC*

Dated: 7/16/2020

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDEN HIRES<br><br>vs.<br><br>GENERAC POWER SYSTEMS, INC. and LOWE'S HOME CENTERS, LLC. and JOHN DOES 1-5, FICTITIOUS DEFENDANT(S) | CIVIL ACTION<br><br>Case No: 2:20-cv-02399 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', GENERAC POWER SYSTEMS, INC. AND LOWE'S HOME CENTER, LLC., MOTION TO STRIKE AND DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFEINITIVE STATEMENT**

Defendant, Generac Power Systems (hereinafter, "Generac") and Lowe's Home Center, Inc. (hereinafter, "Lowe's"), by and through its undersigned counsel, Zarwin, Baum, DeVito, Kaplan, Schaer and Toddy, P.C., does hereby move this Honorable Court for an Order Striking and Dismissing Portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure, Rule 12.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Brenden Hires, instituted this lawsuit with the filing of a Civil Action Complaint, alleging claims based in Products Liability, both for strict liability and negligence, as well claims for Breach of Warranty. *See Complaint attached hereto as Exhibit "A."*

In Paragraph 12 of Plaintiff's Complaint, Plaintiff alleges that the allegedly defective safety pin on the subject generator "was not safeguarded to prevent the handle from swinging up and creating a pinch hazard during transportation as required by code, statute and good safety engineering practice." *See Exhibit "A," at ¶*12. To the extent that this Court finds that such

paragraphs should not be dismissed, a more definite statement by Plaintiff is necessary to clarify what specific code, statute, or good engineering practices Generac failed to abide by.

Count I of Plaintiff's Complaint alleges a products liability claim against Generac based in strict liability wherein Plaintiff claims Generac's defective design and/or manufacture of the subject generator and its component parts caused the alleged injury by "such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case. *See* Exhibit "A," *at ¶*16(i). Plaintiff goes on to set forth alleged negligence "as set forth in paragraph 16", in paragraphs, 31, 39, 48, 56, 65, 73 and 82. *See Exhibit "A."*

Based on the legal insufficiencies in the Paragraphs described above of Plaintiff's Complaint, Generac and Lowe's now move for the dismissal of said paragraphs, pursuant to Rule 12 of the Federal Rules of Civil Procedure. To the extent that this Court does not find dismissal is proper, Generac respectfully requests the alternative relief of ordering Plaintiff to provide more definite statements in it allegations contained in Paragraphs 12, 16(i), 31, 39, 48 56, 65, 73, and 82.

## II.   LEGAL ARGUMENT

### A. Portions of Plaintiff's Complaint Should be Dismissed.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679.

The "plausibility" standard for overcoming a motion to dismiss, as defined in *Iqbal* requires that a complaint allege "enough facts to state a claim to relief that is plausible on its fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S., 544 (2007). This standard requires more than "a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 at 678.

Here, Plaintiff's Complaint does not overcome the "plausibility" standard as laid out by *Iqbal*. In Paragraph 12, Plaintiff claims that Generac acted unlawfully by failing to abide by code, statute, and good safety engineering practice, but fail to allege the necessary facts that support such a claim. By failing to include what code, statute, or engineering practice has been violated, it is not possible for Plaintiff to have stated the necessary facts to support relief on such a claim. Similarly, with regard to Paragraph 16(i), and all paragraphs citing thereto, it is unworkable for Plaintiff to support such general claims. In Plaintiff's own verbiage, they intend to locate the basis for such claims during "discovery and/or at the trial of this case." *See Exhibit "A."* at ¶16. Plaintiff has failed to support the above noted paragraphs with enough facts to state a claim to relief, as such, said paragraphs should be dismissed.

> **B. Paragraphs of Plaintiff's Complaint are Vague and Ambiguous and if Not Dismissed, Requires More Definite Statements for Generac and Lowe's to Properly Respond**

Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. Pro. 12(e).

Motions for a more definite statement are granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Alexander v.*

*Western Express*, 2019 U.S. Dis. LEXIS 181822, *12 (M.D. Pa. 2019). The Third Circuit has "highlighted the usefulness of a motion for a more definite statement when complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably expect to frame a proper, fact specific defense. *Id.* (*Citing Miller v. Atl. Freight Sys.*, 2013 U.S. Dis. LEXIS 43915, *4(M.D. Pa. 2013). In such a circumstance, a more definite statement is "perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Id.*

To the extent that this Court finds that such paragraphs should not be dismissed, a more definite statement by Plaintiff is necessary to clarify what specific code, statute, or good engineering practices Generac failed to abide by. The paragraphs described above are so vague and ambiguous that Generac cannot properly respond to the allegations contained within said paragraphs. Similarly, to the extent that this Honorable Court finds that Paragraph 16(i), and all paragraphs citing thereto, should not be dismissed, a more definite statement by Plaintiff is necessary to clarify what specific acts of Generac, and all other defendants, constitute being negligent, grossly negligent, or wanton. This specificity would enable Generac to properly respond to the allegations contained in Plaintiff's Complaint.

### III. **CONCLUSION**

As set forth in more detail above, the above, Paragraphs, 12, 16(i), 31, 39, 48 56, 65, 73, and 82 should be dismissed pursuant to F.R.C.P. 12. In the alternative, Generac and Lowe's respectfully request this Honorable Court to order Plaintiff to aver more definite statements in the subject Paragraphs so that Generac and Lowe's can properly respond and defend itself against the causes of actions Plaintiff is attempting to aver. Accordingly, Generac and Lowe's respectfully request the entry of an Order in the form submitted herewith.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

By: /s/ Christopher G. Mavros
Christopher G. Mavros, Esquire
Attorney for Defendants
*Generac Power Systems, Inc.*
*Lowe's Home Center, LLC*

Dated: 7/16/2020

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDEN HIRES<br><br>vs.<br><br>GENERAC POWER SYSTEMS, INC. and LOWE'S HOME CENTERS, LLC. and JOHN DOES 1-5, FICTITIOUS DEFENDANT(S) | CIVIL ACTION<br><br>Case No: 2:20-cv-02399 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants' Motion to Dismiss has been served this day upon the following individuals and in the manner indicated below:

## VIA COURT'S ECF SYSTEM

Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
Matthew J. McElvenny, Esquire
547 E. Washington Avenue
Newtown, PA 18940
Attorney for Plaintiff, Brendan Hires

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

By: /s/ Christopher G. Mavros
Christopher G. Mavros, Esquire
Attorney for Defendants
*Generac Power Systems, Inc.*
*Lowe's Home Center, LLC*

Dated: 7/16/2020