IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDEN HIRES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GENERAC POWER SYSTEMS, INC., ET AL. | : | NO. 20-2399 |

## **ORDER**

**AND NOW**, this 10th day of September, 2020, upon consideration of Defendants' Motion to Dismiss Portions of Plaintiff's Complaint (Docket No. 12), and all documents filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

1. The Motion is **DENIED** insofar as it seeks to dismiss or strike Paragraph 12 or to obtain a more definite statement as to Paragraph 12.[1]

---

[1] This is a products liability case, in which Plaintiff contends that that his right index finger was amputated by a portable power generator's metal handle. Plaintiff alleges that the handle was not properly secured by the generator's safety pin, and he asserts claims of strict liability, negligence, and breach of warranty against Defendants Generac Power Systems, Inc., Lowe's Home Improvement, LLC, and Lowe's Home Centers Inc. Defendants have moved to dismiss or strike two paragraphs of the Complaint, Paragraphs 12 and 16(i). In the alternative, they move for a more definite statement as to each of those Paragraphs. In his response to Defendants Motion, Plaintiff agrees to strike Paragraph 16(i), and we therefore grant that aspect of Defendants' Motion and strike Paragraph 16(i) from the Complaint. However, Plaintiff opposes Defendants' Motion insofar as it seeks to dismiss or strike Paragraph 12 of the Complaint.

Paragraph 12 alleges as follows:
> The subject power generator included a metal handle attached to a safety bar by means of a hinge containing a safety pin. The location of the pin on the hinge allowed the handle to lock in an "up" position, but not a "down" position. The inability of the safety pin to lock the metal handle in a "down" position created a pinch hazard to anyone such as Plaintiff who attempted to use the handle to move or transport the portable generator. The safety pin was not safeguarded to prevent the handle from swinging up and creating a pinch hazard during transportation as required by code, statute, and good safety engineering practice.

(Compl. ¶ 12.) Defendants argue that this Paragraph should be dismissed or stricken pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, that we should order Plaintiff, pursuant to Rule 12(f), to provide a more definite statement to clarify the code, statute or good engineering practice that was allegedly violated

    2.   The Motion is **GRANTED** by agreement insofar as it seeks to strike Paragraph 16(i), and Paragraph 16(i) of the Complaint is **STRICKEN**.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

Rule 12(b)(6) provides for the dismissal of <u>claims</u>, not dismissal of specific paragraphs of a Complaint, and Defendants cite no legal authority for their premise that the Rule can be used to strike a single paragraph of factual allegations. Moreover, there is authority to support a contrary conclusion, i.e., that Rule 12(b)(6) cannot be used in this manner. <u>See</u> <u>Weller v. Textron, Inc.</u>, Civ. A. No. 17-1201, 2017 WL 5761597, at *3 (M.D. Pa. Nov. 28, 2017) ("By its terms, Rule 12(b)(6) allows a party to assert that a pleading 'fail[s] to state a *claim* upon which relief can be granted.' As such, a motion made pursuant to Rule 12(b)(6) is an improper mechanism to seek to strike allegations . . . ." (quotation omitted) (first alteration in original)). We therefore deny Defendants' Motion insofar as it seeks to dismiss or strike Paragraph 12 pursuant to Rule 12(b)(6).

Rule 12(e), by comparison, permits a party to "move for a more definite statement of a pleading" when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are "'generally disfavored, and are used to provide remedies for unintelligible pleadings rather than as correction for lack of detail.'" <u>Godfrey v. Upland Borough</u>, 246 F. Supp. 3d 1078, 1086 (E.D. Pa. 2017) (quoting <u>Stoneback v. ArtsQuest</u>, Civ. A. No. 12-3286, 2012 WL 4963624, at *10 (E.D. Pa. Oct. 17, 2012)). "'Rule 12(e) is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" <u>Id.</u> (quoting <u>Stoneback</u>, 2012 WL 4963624, at *10). Here, Paragraph 12 is not unintelligible, and Defendants merely seek to correct a lack of detail. Moreover, we are not convinced that the paragraph is so vague that Defendants cannot frame a responsive pleading. Accordingly, in addition to denying Defendants' Motion insofar as it seeks to dismiss or strike Paragraph 12, we deny it insofar as it seeks a more definite statement as to Paragraph 12.