## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDEN HIRES<br><br>        vs.<br><br><br>GENERAC POWER SYSTEMS, INC. and<br>LOWE'S HOME CENTERS, LLC. and<br>JOHN DOES 1-5, FICTITIOUS<br>DEFENDANT(S) | CIVIL ACTION<br><br>Case No: 2:20-cv-02399 |

### DEFENDANTS, GENERAC POWER SYSTEMS, INC. AND LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSSCLAIMS AND JURY DEMAND

Defendants, Generac Power Systems, Inc. and Lowe's Home Centers, LLC (hereinafter "Answering Defendants"), by and through counsel, Zarwin, Baum, DeVito, Kaplan, Schaer, and Toddy, P.C. files their Answer with Affirmative Defenses to Plaintiff's Complaint, and, in support thereof, avers as follows:

1.    Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

2.    Admitted.

3.    Denied. Lowe's Home Improvement, LLC, is a limited liability corporation with a principal office at 1000 Lowe's Boulevard, Mooresville, North Carolina, 28117-8520.

4.      Denied. Lowe's Home Centers, LLC, (Formerly known, and improperly plead as Lowe's Home Centers, Inc.) is a limited liability corporation with a principal office at 1000 Lowe's Boulevard, Mooresville, North Carolina, 28117-8520.

5.      Denied.   This averment is directed at a party other than Answering Defendants, and, after reasonable investigation,   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.  The remaining averments of this paragraph are conclusions of law to which no response is required and are accordingly denied.

6.      Denied.  This paragraph consists entirely of conclusions of law to which no response is required and is accordingly denied. To the extent this paragraph consists of factual averments, they are specifically denied and strict proof is demanded at trial.

7.      Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on its part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.  Furthermore, all averments of agency are specifically denied.

8.      Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied.   To the extent these allegations are deemed factual, Generac admits that at the time relevant to this proceeding that it was engaged in the business of designing, manufacturing, distribution and marketing of the Generac XT800E.  Answering Defendants deny that the subject product was defective or unfit for its   intended   use. Moreover, strict   proof   is   required   regarding   allegations   of   component manufacturer and use. Answering Defendants further deny that any act or failure to act on their

part caused or contributed to Plaintiff's alleged injuries or damages. Finally, the balance of the allegations are specifically denied and strict proof at trial is hereby demanded.

9.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use. Answering Defendants further deny that any act or failure to act on its part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial. Answering Defendant also specifically denies that it had the involvement with the subject product as alleged in this paragraph. Strict proof thereof is demanded at the time of trial.

10.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use. Answering Defendants further deny that any act or failure to act on its part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

11.     Denied. This averment is directed at a party other than Answering Defendants, and, after reasonable investigation, Answering Defendant  are without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial. The remaining averments of this paragraph are conclusions of law to which no response is required and are accordingly denied.

12.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product

was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

13.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, and, after reasonable investigation,  Answering Defendants  are without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

**COUNT I**
**BRENDAN HIRES v. GENERAC POWER SYSTEMS, INC.**
**PRODUCTS LIABILITY – STRICT LIABILITY**

14.    Answering Defendants incorporate by reference paragraphs 1 – 13 above as though fully set forth herein.

15.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

16.   (a-i) Denied.  The allegations contained in this paragraph, including each and every subpart, are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied.  To the extent these allegations are deemed factual, including the subparts, Answering Defendants deny that the subject product was defective or unfit for its

intended use.  Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

17.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, they are denied and strict proof thereof is demanded at the time of trial.

18.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

19.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

20.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on

their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

21.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

22.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

23.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

24.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective

or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

25.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

26.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

27.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

28.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these

allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

## COUNT II
## BRENDEN HIRES v. GENERAC POWER SYSTEMS, INC.
## PRODUCTS LIABILITY – NEGLIGENCE

29.     Answering Defendants incorporate by reference paragraphs 1 – 28 above as though fully set forth herein.

30.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

31.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

32.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

33.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

### COUNT III
### BRENDEN HIRES v. GENERAC POWER SYSTEMS, INC.
### <u>BREACH OF WARRANTY</u>

34.     Answering Defendants incorporate by reference paragraphs 1 – 33 above as though fully set forth herein.

35.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on

their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

36.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

   **WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

### COUNT IV
### BRENDEN HIRES v. LOWE'S HOME IMPROVEMENTS, LLC
### D/B/A LOWE'S OF MIDDLETOWN TOWNSHIP, PA
### <u>PRODUCTS LIABILITY – STRICT LIABILITY</u>

37.     Answering Defendants incorporate by reference paragraphs 1 – 36 above as though fully set forth herein.

38.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

39.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these

allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraph 16 of Plaintiff's Complaint as if fully set forth herein.

40.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

41.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

42.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

43.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

44.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

45.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

**COUNT V**
**BRENDEN HIRES v. LOWE'S HOME IMPROVEMENT, LLC D/B/A LOWE'S**
**OF MIDDLETOWN TOWNSHIP, PA**
**PRODUCTS LIABILITY – NEGLIENCE**

46.   Answering Defendants incorporate by reference paragraphs 1 – 45 above as though fully set forth herein.

47.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

48.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraph 16 of Plaintiff's Complaint as if fully set forth herein.

49.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

50.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

**COUNT VI**
**BRENDEN HIRES v. LOWE'S HOME IMPROVEMENT, LLC**
**D/B/A LOWE'S OF MIDDLETOWN TOWNSHIP, PA**
**BREACH OF WARRANTY**

51.     Answering Defendants incorporate by reference paragraphs 1 – 50 above as though fully set forth herein.

52.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

53.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on

their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

**COUNT VII**
**BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.**
<u>**PRODUCTS LIABILITY – STRICT LIABILITY**</u>

54.     Answering Defendants incorporate by reference paragraphs 1 – 53 above as though fully set forth herein.

55.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

56.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraph 16 of Plaintiff's Complaint as if fully set forth herein.

57.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these

allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

58.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

59.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied.  To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

60.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

61.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

62.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

### COUNT VIII
### BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.
### PRODUCTS LIABILITY – NEGLIGENCE

63.     Answering Defendants incorporate by reference paragraphs 1 – 62 above as though fully set forth herein.

64.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on

their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

65.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.    Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.   Answering Defendants further incorporates their responses to paragraph 16 of Plaintiff's Complaint as if fully set forth herein.

66.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

67.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use. Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

## COUNT IX
## BRENDEN HIRES v. LOWE'S HOME CENTERS, INC.
## <u>BREACH OF WARRANTY</u>

68.    Answering Defendants incorporate by reference paragraphs 1 – 67 above as though fully set forth herein.

69.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied.   To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use.   Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

70.    Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  Accordingly, said allegations are specifically denied. To the extent these allegations are deemed factual, Answering Defendants deny that the subject product was defective or unfit for its intended use. Answering Defendants further incorporates their responses to paragraphs 22 – 28 of Plaintiff's Complaint as if fully set forth herein. Answering Defendants further deny that any act or failure to act on their part caused or contributed to Plaintiff's alleged injuries or damages and demand strict proof at trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

## COUNT IX
## BRENDEN HIRES v. JOHN DOES 1-5
## <u>PRODUCTS LIABILITY – STRICT LIABILITY</u>

71.    Answering Defendants incorporate by reference paragraphs 1 – 70 above as though fully set forth herein.

72.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.  Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

73.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

74.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

75.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

76.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

77.    Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient

to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

78.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

79.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

## COUNT XI
## BRENDEN HIRES v. JOHN DOES 1-5
## PRODUCTS LIABILITY – NEGLIGENCE

80.     Answering Defendants incorporate by reference paragraphs 1 – 79 above as though fully set forth herein.

81.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

82.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

83.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

84.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

### COUNT XII
### BRENDEN HIRES v. JOHN DOES 1-5
### BREACH OF WARRANTY

85.     Answering Defendants incorporate by reference paragraphs 1 – 84 above as though fully set forth herein.

86.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

87.     Denied.   This averment is directed at a party other than Answering Defendant, and, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegations are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against all parties together with costs of suit.

## FIRST AFFIRMATIVE DEF ENSE

Plaintiff's Complaint fails to state a cause of action against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's strict liability claims fail as a matter of law under Pa. Dept. of Gen. Serv's v. U.S. Miner al Prod. Co ., 898 A.2d 590, 600 (Pa. 2006).

## THIRD AFFIRMATIVE DEF ENSE

If an accident occurred in the manner alleged by the Plaintiff, then such accident occurred as a result of the negligence of the Plaintiff and under the terms of the Comparative Negligence Act of 1976, 42 Pa. C.S.A. § 7102 et se q ., the Plaintiff is not entitled to recover from Defendants or the recovery is to be reduced in accordance with the terms of the aforesaid Act.

## FOURTH AFFIRMATIVE DEFENSE

If the subject product is defective (which is specifically denied), Plaintiff is barred from recovery because he was aware of the alleged defect and nonetheless voluntarily and unreasonably chose to encounter the known damages created by the alleged defect.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because the alleged injuries and damages were caused by the intervening and superseding actions of third persons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he was utilizing or was around or about the subject product in an abnormal way at or before the time of the alleged accident and such abnormal use was not reasonably foreseeable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as they are based on a failure to warn theory because the alleged danger, which was allegedly not adequately warned of, was open and obvious to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the subject product was altered after leaving Answering Defendants' possession in a fashion that was not reasonably foreseeable to Answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

The owner of the product may not have complied with the terms and conditions of any warranty, thereby precluding any recovery for any alleged breach.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of spoliation of evidence.

## ELEVENTH  AFFIRMATIVE
## DEFENSE

Plaintiff cannot establish the liability of Answering Defendants because the utility of the product outweighs any risks associated with the product as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because the product is not "unreasonably dangerous."

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because a reasonable person would not conclude that the probability and seriousness of harm caused by the product outweighed the burden or costs of taking precautions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because the average or ordinary consumer would not be capable of forming an expectation of the product.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because Plaintiff cannot establish that the product presented an unknowable and unacceptable danger to the average or ordinary consumer.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because Plaintiff's own conduct contributed in whole or in part to any harm incurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred because any alleged contract between Plaintiff and Answering Defendants was indefinite.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

Answering Defendants hereby preserves any and all defenses under  Tincher v. Omega Flex ,  Inc. , 104 A.3d 328 (Pa. 2014).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join an indispensable party and/or indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable state-of-the-art defense.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the gist of the action doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that investigation and/or discovery reveals the same, Plaintiff's claims are barred by the Statute of Limitations on any warranty issued to or applying to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that investigation and/or discovery reveals the same, Plaintiffs claims are limited and/or barred in whole or in part by the terms and conditions of any and all warranties issued to or applying to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be governed by the provisions of the Pennsylvania Fair Share Act and Answering Defendants hereby assert their rights thereunder as may apply.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This action is governed by the terms of the Restatement (Third) of Torts – Product Liability, and Answering Defendants plead its terms and all defenses available thereunder.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed full risk of the consequences of its actions or omissions, thereby precluding any recovery by Plaintiff based upon the doctrine of assumption of risk.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendants are barred in whole or in part by the failure of Plaintiff to mitigate his alleged damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendants are barred in whole or in part because Plaintiff's alleged damages are too remote, speculative or otherwise are not recoverable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendants should be dismissed for failure to comply with Pennsylvania's requirements for filing a Certificate of Merit.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff materially altered, modified and/or changed the subject product and/or any or all of its components, which bars and/or limits its claims against Answering Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that the Plaintiff suffered any injuries and/or damages as a result of the accident as alleged in Plaintiff's Complaint, then such damages were proximately caused by the negligence of Plaintiff and/or a third-party entity, not Answering Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

If the Plaintiff suffered any injuries/damages as alleged, they were caused solely and primarily by Plaintiff's and/or a third party's carelessness, negligence, and/or contributory negligence.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

If Answering Defendants were negligent in any respect as alleged in Plaintiff's Complaint, all allegations being specifically denied, then Answering Defendants' negligence was passive and the damages sustained by the Plaintiff were the result of an intervening negligent act or a third person or persons over whom Answering Defendants had no control, right of control or responsibility, which was a superseding cause of the damages, and therefore, Answering Defendants are not liable.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

It is denied by the Answering Defendants that any person or persons unidentified in Plaintiff's Complaint were agents, servants, workmen and/or employees until said person or persons are identified and Answering Defendants are given an opportunity to admit or deny agency.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendants acted reasonably in the performance of any alleged common law obligations.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Answering Defendants did not breach a duty to Plaintiff.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendants did not act in a negligent and/or careless manner at any time material to the instant lawsuit.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by release.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, should be reduced as a result of Plaintiff's comparative and/or contributory negligence.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover against Answering Defendants as a "pass- through" seller of the subject product, and Answering Defendants asserts all available defenses available to it as such.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants were under no duty to inspect or test the subject product as a retailer

of a sealed, original packaged product and asserts all available defenses of such a seller.

## FORTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff claim any medical bills or costs, he is not entitled to recover for the same if the

same were paid by health insurance above the enforceable and reasonable lien

amount, as set forth in <u>Moorhead v. Crozer Chester Med. Ctr.</u>,  557 Pa. 630 (1998).

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred and/or limited by facts and defenses which will

become evident during discovery, and Answering Defendants specifically reserve its right to amend

its Affirmative Defenses at a later date to reflect said defenses.

**WHEREFORE**, Answering Defendants demands that judgment be entered in their favor

and against all other parties, along with such other relief as this Honorable Court deems

appropriate.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**


By:_____/ s/_____
        Christopher G. Mavros, Esquire
         Attorney ID: 90343
        2005 Market Street, 16th Floor
        Philadelphia, PA 19103
        Phone: (215) 569-2800
        cgmavros@zarwin.com


Dated: 10/13/ 2020

# **VERIFICATION**

I, Brandon Schmidt, verify that I am the authorized representative of Generac Power

Systems, Inc., party to the within action, and that the statements set forth in the foregoing

Answer are true and correct to the best of my knowledge, information and belief. I have relied

upon the professional advice of counsel, and the language in this document is that of counsel.

I understand that the statements set forth herein are made subject to the penalties of 18

Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Generac Power Systems, Inc.

## **VERIFICATION**

I, JULIE O'NEIL, verify that I am the authorized representative of Lowe's Home Centers, LLC, party to the within action, and that the statements set forth in the foregoing Answer are true and correct to the best of my knowledge, information and belief. I have relied upon the professional advise of counsel, and the language in this document is that of counsel.

I understand that the statements set forth herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Lowe's Home Centers, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of Defendants', Generac Power Systems, Inc. and Lowe's Home Centers, LLC , Answer to Plaintiff's Complaint with Affirmative Defenses, Cross Claims and Jury Demand was filed electronically and is available for viewing and downloading from the United States District Court for the Eastern District of Pennsylvania's Electronic Filing System and service of same was made upon all individuals listed below in accordance with Pa.R.C.P.440 and Pa.R.C.P.205.4(G) on October 13, 2020:

Brandon A. Swartz, Esquire Bryan
M. Ferris, Esquire Matthew J.
McElvenny, Esquire **SWARTZ**
**CULLETON, PC**
547 E. Washington Avenue
Newtown, PA 18940

**ZARWIN, BAUM, DeVITO, KAPLAN,**
**SCHAER & TODDY, P.C.**

By:_____/ s/_____
    Christopher G. Mavros, Esquire
     Attorney ID: 90343
    2005 Market Street, 16th Floor
    Philadelphia, PA 19103
    Phone: (215) 569-2800
    cgmavros@zarwin.com